## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EVERYWARE GLOBAL, INC., *et al.*,[1] | ) Case No. 15-10743 (LSS) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) Re: Docket No. 7 |

**ORDER (A) AUTHORIZING AND approving the
APPOINTMENT OF PRIME CLERK LLC AS NOTICE AND CLAIMS
AGENT TO THE DEBTORS, AND (B) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), (a) appointing Prime Clerk as Claims and Noticing Agent to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtors' chapter 11 cases, and (ii) provide such other administrative services – as required by the Debtors – that would fall within the purview of services to be provided by the Clerk's office, and (b) granting related relief; all as more fully set forth in the Application; and upon the First Day Declaration; and upon the Schrag Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Anchor Hocking, LLC (6923); Buffalo China, Inc. (9731); Delco International, Ltd. (7553); EveryWare, LLC (2699); EveryWare Global, Inc. (4553); Kenwood Silver Company, Inc. (2286); Oneida Food Service, Inc. (7321); Oneida International Inc. (4774); Oneida Ltd. (5700); Oneida Silversmiths Inc. (6454); Sakura, Inc. (9359); THC Systems, Inc. (9103); Universal Tabletop, Inc. (4265). The location of the Debtors' service address is: 519 North Pierce Avenue, Lancaster, Ohio 43130.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that notice of and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is granted as set forth herein.

2. The Debtors are authorized to retain Prime Clerk as Claims and Noticing Agent effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and Prime Clerk is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these chapter 11 cases, and all related tasks, all as described in the Application.

3. Prime Clerk shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Prime Clerk is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

5. Prime Clerk is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtors are authorized to compensate Prime Clerk in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Prime Clerk and the rates charged for each, and to reimburse Prime Clerk for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Prime Clerk to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. Prime Clerk shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

8. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; *provided, however*, that the parties may seek resolution of the matter from this Court if resolution is not achieved.

9. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Prime Clerk under this Order shall be an administrative expense of the Debtors' estates.

10. Prime Clerk may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, Prime Clerk may hold its retainer

under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

11. The Debtors shall indemnify Prime Clerk under the terms of the Engagement Agreement, as modified pursuant to this Order.

12. Prime Clerk shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

13. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Prime Clerk, or provide contribution or reimbursement to Prime Clerk, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Prime Clerk's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of Prime Clerk's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Prime Clerk should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

14. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal); or (b) the entry of an order closing these chapter 11 cases, Prime Clerk believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification,

contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Prime Clerk must file an application therefor in this Court, and the Debtors may not pay any such amounts to Prime Clerk before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Prime Clerk for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Prime Clerk. All parties in interest shall retain the right to object to any demand by Prime Clerk for indemnification, contribution, or reimbursement.

15. In the event Prime Clerk is unable to provide the services set out in this Order, Prime Clerk will immediately notify the Clerk and the Debtors' attorney and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' attorney.

16. The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Prime Clerk but is not specifically authorized by this Order.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18. The Debtors and Prime Clerk are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

19. Prime Clerk shall not cease providing claims processing services during the chapter 11 case(s) for any reason, including nonpayment, without an order of this Court.

20. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

21. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

22. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Wilmington, Delaware
Dated: April 9, 2015

THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE