**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| EVERYWARE GLOBAL, INC., *et al.*,[1] | ) Case No. 15-10743 (LSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**NOTICE OF (A) COMMENCEMENT OF PREPACKAGED CHAPTER 11
BANKRUPTCY CASES, (B) COMBINED HEARING ON THE DISCLOSURE
STATEMENT, CONFIRMATION OF THE JOINT PREPACKAGED CHAPTER
11 PLAN, AND RELATED MATTERS, AND (C) OBJECTION DEADLINES, AND
SUMMARY OF THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN**

**NOTICE IS HEREBY GIVEN** as follows:

On April 7, 2015 (the "Petition Date"), EveryWare Global, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") a proposed joint prepackaged chapter 11 plan of reorganization [Docket No. 62] (the "Plan") and proposed disclosure statement Docket No. 16 (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"). Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' proposed counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review between the hours of 8:00 a.m. to 4:00 p.m., prevailing Eastern Time. The Plan and the Disclosure Statement also are available for inspection on the Bankruptcy Court's website at www.deb.uscourts.gov or free of charge on the Debtors' restructuring website at http://cases.primeclerk.com/everyware.[2]

The Plan is a "prepackaged" plan of reorganization. The primary purpose of the Plan is to effectuate a balance-sheet restructuring of the Debtors' business (the "Restructuring"). The Debtors believe that any valid alternative to confirmation of the Plan would result in significant delays, litigation, and additional costs, and, ultimately, would jeopardize recoveries for holders of allowed claims.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Anchor Hocking, LLC (6923); Buffalo China, Inc. (9731); Delco International, Ltd. (7553); EveryWare, LLC (2699); EveryWare Global, Inc. (4553); Kenwood Silver Company, Inc. (2286); Oneida Food Service, Inc. (7321); Oneida International Inc. (4774); Oneida Ltd. (5700); Oneida Silversmiths Inc. (6454); Sakura, Inc. (9359); THC Systems, Inc. (9103); Universal Tabletop, Inc. (4265). The location of the Debtors' service address is: 519 North Pierce Avenue, Lancaster, Ohio 43130.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

**Information Regarding the Plan**

**Voting Record Date**. The voting record date is **March 31, 2015**, which was the date for determining which holders of claims in Classes 5 of the Plan were entitled to vote.

**Objections to the Plan**. The deadline for filing objections to the Plan is **May 13, 2015, at 4:00 p.m., prevailing Eastern Time**. Any objections (each, an "Objection") to the Plan or the Disclosure Statement must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; and (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections.

Objections must be filed with the Bankruptcy Court and served so as to be **actually received** no later than **May 13, 2015, at 4:00 p.m., prevailing Eastern Time**, by those parties who have filed a notice of appearance in the Debtors' chapter 11 cases as well as the following parties:

| | |
|---|---|
| **Debtors** | **EveryWare Global, Inc.**<br>519 North Pierce Avenue<br>Lancaster, Ohio 43130<br>Attn:   Erika Schoenberger |
| **Counsel to the Debtors** | **Pachulski Stang Ziehl & Jones LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Attn:   Laura Davis Jones<br>          Colin R. Robinson<br>          Peter J. Keane |
| | **Kirkland & Ellis LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attn:   Patrick J. Nash, Jr., P.C.<br>          Ross M. Kwasteniet |
| **United States Trustee** | **Office of the United States Trustee<br>for the District of Delaware**<br>844 King Street, Suite 2207<br>Wilmington, Delaware 19801<br>Attn:   David L. Buchbinder |

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**AS DESCRIBED BELOW, YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**Summary of Plan Treatment**

The following chart summarizes the treatment provided by the Plan to each class of Claims against and Interests in the Debtors, and indicates the voting status of each class.

| Class | Claim or Interest | Voting Rights | Treatment | Plan Recovery | Liquidation Recovery |
|---|---|---|---|---|---|
| 1 | Secured Tax Claims | Not Entitled to Vote / Presumed to Accept | Paid in full in Cash | 100% | 100% |
| 2 | Other Secured Claims | Not Entitled to Vote / Presumed to Accept | Paid in full in Cash | 100% | 100% |
| 3 | Other Priority Claims | Not Entitled to Vote / Presumed to Accept | Paid in full in Cash | 100% | 100% |
| 4 | ABL Facility Claims | Not Entitled to Vote / Presumed to Accept | Unimpaired | 100% | 100% |
| 5 | Term Loan Facility Claims | Entitled to Vote | Pro Rata share of New Common Stock | ~44% | 7–14% |
| 6 | General Unsecured Claims | Not Entitled to Vote / Presumed to Accept | Paid in full in Cash | 100% | 0% |
| 7 | Intercompany Claims | Not Entitled to Vote / Presumed to Accept | Unaltered, except as otherwise set forth in the Plan | 100% | 0% |
| 8 | Intercompany Interests | Not Entitled to Vote / Presumed to Accept | Unaltered | 100% | 0% |
| 9 | EveryWare Preferred Stock | Not Entitled to Vote / Deemed to Reject | Canceled[3] | 0% | 0% |
| 10 | EveryWare Common Stock | Not Entitled to Vote / Deemed to Reject | Canceled[4] | 0% | 0% |
| 11 | EveryWare Out-of-the-Money Equity Securities | Not Entitled to Vote / Deemed to Reject | Canceled | 0% | 0% |
| 12 | Section 510(b) Claims | Not Entitled to Vote / Deemed to Reject | Canceled | 0% | 0% |

---

[3] Holders of EveryWare Preferred Stock will receive 2.5% of the New Common Stock with an implied value of approximately $135.00 per share of EveryWare Preferred Stock in exchange for the MCP Funds' support for the Plan, the DIP Term Facility, and the Transaction.

[4] Holders of EveryWare Common Stock will receive 1.5% of the New Common Stock with an implied value of approximately $0.06 per share of EveryWare Common Stock in exchange for the Consenting Equity Holders' support for the Plan, the DIP Term Facility, and the Transaction.

### Discharge, Injunctions, Exculpation, and Releases

Please be advised that the Plan contains certain release, exculpation, and injunction provisions as follows:

**Relevant Definitions**

"Exculpated Party" means each of the following in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the parties to the Support Agreement; (d) the Term Loan Agent; (e) the Consenting Term Lenders; (f) the ABL Facility Agent; (g) the ABL Facility Lenders; (h) the DIP ABL Facility Agent; (i) the DIP ABL Facility Lenders; (j) the DIP Term Facility Agent; (k) the DIP Term Facility Lenders; (l) the Exit Facility Lenders; and (m) with respect to each of the foregoing entities in clauses (a) through (l), such Entity's successors and assigns and current and former Affiliates and its and their subsidiaries, shareholders, members, limited partners, general partners, other equity holders, officers, directors, managers, trustees, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

"Released Party" means each of the following in its capacity as such: (a) each Debtor and Reorganized Debtor; (b) the Debtors' current and former officers and directors; (c) the Term Loan Agent; (d) the Consenting Term Lenders; (e) the DIP ABL Facility Agent; (f) the DIP ABL Facility Lenders; (g) the DIP Term Facility Agent; (h) the DIP Term Facility Lenders; (i) the MCP Funds; (j) the Clinton Funds; (k) the parties to the Support Agreement; and (l) each of the foregoing entities' respective current and former: predecessors, successors and assigns, and stockholders, members, limited partners, general partners, equity holders, Affiliates and its and their subsidiaries, principals, partners, members, employees, agents, officers, directors, managers, trustees, professionals, representatives, advisors, attorneys, financial advisors, accountants, investment bankers, and consultants, in each case solely in their capacity as such.

"Releasing Parties" means each of the following in its capacity as such: (a) the Debtors; (b) the Debtors' current officers and directors; (c) the Term Loan Agent; (d) holders of Term Loan Facility Claims who do not vote to reject the Plan; (e) the ABL Facility Agent, (f) holders of ABL Facility Claims; (g) the DIP ABL Facility Agent; (h) the DIP ABL Facility Lenders; (i) the DIP Term Facility Agent; (j) the DIP Term Facility Lenders; (k) the MCP Funds; (l) the Clinton Funds; (m) the parties to the Support Agreement; (n) without limiting the foregoing, each other holder of a Claim or an Interest, in each case other than a holder of a Claim or an Interest that has voted to reject the Plan or is a member of a Class that is deemed to reject the Plan; and (o) with respect to each of the foregoing parties under (a) through (n), any successors or assigns thereof.

A.      **Discharge of Claims and Termination of Interests.**

EXCEPT AS OTHERWISE PROVIDED FOR HEREIN AND EFFECTIVE AS OF THE EFFECTIVE DATE: (A) THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION, DISCHARGE, AND RELEASE OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON SUCH CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTORS OR ANY OF THEIR ASSETS, PROPERTY, OR ESTATES; (B) THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS, NOTWITHSTANDING WHETHER ANY SUCH HOLDERS

**FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN; (C) ALL CLAIMS AND INTERESTS SHALL BE SATISFIED, DISCHARGED, AND RELEASED IN FULL, AND THE DEBTORS' LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(G) OF THE BANKRUPTCY CODE; AND (D) ALL ENTITIES SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTORS, THE DEBTORS' ESTATES, THE REORGANIZED DEBTORS, THEIR SUCCESSORS AND ASSIGNS, AND THEIR ASSETS AND PROPERTIES ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS, OR ANY ACT OR OMISSION, TRANSACTION, OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED PRIOR TO THE EFFECTIVE DATE.**

B.  <u>Releases by the Debtors</u>.

**NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, ON THE CONFIRMATION DATE AND EFFECTIVE AS OF THE EFFECTIVE DATE, FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE RELEASED PARTIES, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING: (1) THE SETTLEMENT, RELEASE, AND COMPROMISE OF DEBT, CAUSES OF ACTION, CLAIMS, AND INTERESTS, (2) THE SERVICES OF THE DEBTORS' PRESENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, AND ADVISORS IN FACILITATING THE IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED HEREIN, AND (3) THE GOOD FAITH NEGOTIATION OF, AND PARTICIPATION IN, THE RESTRUCTURING CONTEMPLATED HEREIN, EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND THE ESTATES CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER DISCHARGE AND RELEASE AND SHALL BE DEEMED TO HAVE PROVIDED A FULL DISCHARGE AND RELEASE TO EACH RELEASED PARTY (AND EACH SUCH RELEASED PARTY SO RELEASED SHALL BE DEEMED FULLY RELEASED AND DISCHARGED BY THE DEBTORS, THE REORGANIZED DEBTORS, AND THE ESTATES) AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CLAIMS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR WHICH COULD BE ASSERTED ON BEHALF OF THE DEBTORS AND/OR THE REORGANIZED DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT THE DEBTORS, THE REORGANIZED DEBTORS, THE ESTATES, OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE REORGANIZED DEBTORS, THE TRANSACTION, THE CHAPTER 11 CASES, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS OR THE REORGANIZED DEBTORS, ANY PAYMENTS, DISTRIBUTIONS, OR DIVIDENDS ANY DEBTOR OR AFFILIATE PAID TO OR RECEIVED FROM ANY RELEASED PARTY, FRAUDULENT OR PREFERENTIAL TRANSFER OR CONVEYANCE, TORT, CONTRACT, BREACH OF FIDUCIARY DUTY, VIOLATION OF STATE OR FEDERAL LAWS, INCLUDING SECURITIES LAWS, NEGLIGENCE, GROSS NEGLIGENCE, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR IN THE**

**CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE PLAN SUPPLEMENT, OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS;** *PROVIDED*, *HOWEVER*, **THAT THE FOREGOING "DEBTOR RELEASE" SHALL NOT OPERATE TO WAIVE OR RELEASE ANY CLAIMS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES REMEDIES, CAUSES OF ACTION, AND LIABILITIES IN RESPECT OF ANY RELEASED PARTY SOLELY TO THE EXTENT ARISING UNDER THE SUPPORT AGREEMENT, THE PLAN, OR ANY AGREEMENTS ENTERED INTO PURSUANT TO THE PLAN.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN,** *AND FURTHER*, **SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (6) A BAR TO ANY OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.**

C. <u>**Releases by Holders of Claims and Interests**</u>.

**NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, ON THE CONFIRMATION DATE AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE RELEASING PARTIES (REGARDLESS OF WHETHER A RELEASING PARTY IS A RELEASED PARTY) CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER DISCHARGE AND RELEASE (AND EACH ENTITY SO DISCHARGED AND RELEASED SHALL BE DEEMED DISCHARGED AND RELEASED BY THE RELEASING PARTIES) THE RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR WHICH COULD BE ASSERTED ON BEHALF OF A DEBTOR, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR ARISING, IN LAW, EQUITY OR OTHERWISE, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE REORGANIZED DEBTORS, THE TRANSACTION, THE CHAPTER 11 CASES, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS OR THE REORGANIZED DEBTORS, ANY PAYMENTS, DISTRIBUTIONS, OR DIVIDENDS ANY DEBTOR OR AFFILIATE PAID TO OR RECEIVED FROM ANY RELEASED PARTY, FRAUDULENT OR PREFERENTIAL TRANSFER OR CONVEYANCE, TORT, CONTRACT, BREACH OF FIDUCIARY DUTY, VIOLATION OF STATE OR FEDERAL LAWS, INCLUDING SECURITIES LAWS, NEGLIGENCE, GROSS NEGLIGENCE, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE**

RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR IN THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE PLAN SUPPLEMENT, OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS; *PROVIDED*, *HOWEVER*, THAT THE FOREGOING "THIRD-PARTY RELEASE" SHALL NOT OPERATE TO WAIVE OR RELEASE ANY CLAIMS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, REMEDIES, CAUSES OF ACTION, AND LIABILITIES IN RESPECT OF ANY RELEASED PARTY, SOLELY TO THE EXTENT (1) ARISING UNDER ANY AGREEMENTS ENTERED INTO PURSUANT TO THE PLAN, OR (2) WITH RESPECT TO CLAIMS BY PROFESSIONALS RELATED TO PROFESSIONALS' FINAL FEE APPLICATIONS OR ACCRUED PROFESSIONAL COMPENSATION CLAIMS IN THE CHAPTER 11 CASES.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD-PARTY RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED HEREIN, *AND*, *FURTHER*, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD-PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE THIRD-PARTY RELEASE; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (6) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE THIRD-PARTY RELEASE.

D.  <u>Exculpation</u>.

NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR ANY LIABILITY TO ANY ENTITY FOR ANY PREPETITION OR POSTPETITION ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH, OR RELATED TO FORMULATING, NEGOTIATING, SOLICITING, PREPARING, DISSEMINATING, CONFIRMING, OR IMPLEMENTING THE PLAN, OR CONSUMMATING THE PLAN, THE SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN SUPPLEMENT, THE NEW HOLDCO GOVERNANCE DOCUMENTS, THE EXIT FACILITY DOCUMENTS, THE TRANSACTION, THE ISSUANCE, DISTRIBUTION, AND/OR SALE OF ANY SHARES OF NEW COMMON STOCK OR ANY OTHER SECURITY OFFERED, ISSUED, OR DISTRIBUTED IN CONNECTION WITH THE PLAN, THE CHAPTER 11 CASES, OR ANY CONTRACT, INSTRUMENT, RELEASE OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN OR ANY OTHER PREPETITION OR POSTPETITION ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR IN CONTEMPLATION OF THE RESTRUCTURING OF THE DEBTORS; *PROVIDED*, *HOWEVER*, THAT EACH EXCULPATED PARTY SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, THE PLAN OR ANY OTHER RELATED DOCUMENT, INSTRUMENT, OR AGREEMENT; *PROVIDED*, *FURTHER*, THAT THE FOREGOING "EXCULPATION" SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY SOLELY TO THE EXTENT RESULTING FROM ANY SUCH ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; *PROVIDED*, *FURTHER*, THAT THE FOREGOING

**"EXCULPATION" SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY FOR ACTS OR OMISSIONS OCCURRING AFTER THE CONFIRMATION DATE.**

F.   **Injunction.**

**EXCEPT AS OTHERWISE PROVIDED HEREIN OR FOR OBLIGATIONS ISSUED PURSUANT HERETO, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED PURSUANT TO SECTION 8.2 OR SECTION 8.3, DISCHARGED PURSUANT TO SECTION 8.1, OR ARE SUBJECT TO EXCULPATION PURSUANT TO SECTION 8.4 ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES:  (A) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (B) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (C) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (D) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OR ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE; AND (E) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, EXCULPATED, OR SETTLED PURSUANT TO THE PLAN.**

### Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement

The hearing (the "Confirmation Hearing") will be held before the Honorable Laurie Selber Silverstein United States Bankruptcy Judge, in Room 2 of the United States Bankruptcy Court, 824 North Market Street, 6th Floor, Wilmington, Delaware, 19801, on May 20, 2015, at 2:00 p.m., prevailing Eastern Time, to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Bankruptcy Court.  Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice.

| | |
|---|---|
| Wilmington, Delaware<br>Dated:  April 9, 2015 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>*/s/ Peter J. Keane*<br>Laura Davis Jones (DE Bar No. 2436)<br>Colin R. Robinson (DE Bar No. 5524)<br>Peter J. Keane (DE Bar No. 5503)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Telephone:   (302) 652-4100<br>Facsimile:    (302) 652-4400<br>Email:           ljones@pszjlaw.com<br>                      crobinson@pszjlaw.com<br>                      pkeane@pszjlaw.com<br><br>- and -<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet (admitted *pro hac vice*)<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:           patrick.nash@kirkland.com<br>                      ross.kwasteniet@kirkland.com<br><br>*Proposed Counsel for the*<br>*Debtors and Debtors in Possession* |